UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-21917--RSR

SECURITIES AND EXCHANGE      )
COMMISSION,                  )
                             )
            Plaintiff,       )
                             )
      v.                     )
                             )
GEORGE G. LEVIN and          )
FRANK PREVE,                 )
            Defendants.      )
_____)

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT GEORGE G. LEVIN'S
MOTION TO SHORTEN TIME TO RESPOND TO DISCOVERY**

Defendant George G. Levin's Motion to Shorten the Time to Respond to Discovery should be denied because Levin has not shown any basis for propounding such discovery, and he has not properly submitted himself to the Court's jurisdiction. In short, Levin is attempting to use the litigation tools of a typical litigant but accepts none of the burdens or responsibilities of being before the Court. In fact, Levin's "waiver of service" makes no affirmative acceptance of the Summons and Complaint in this case. (D.E. # 36.) More importantly, the Court has never granted Levin leave to serve such discovery. Instead, the Court ordered him to file his motion to dismiss by October 25, 2012.

There is no basis for the Court to allow the discovery propounded by Levin. The discovery is: (1) unnecessary for Levin's anticipated motion to dismiss; (2) irrelevant because the Commission has adequately demonstrated the "good cause" justifying the Court's decision to extend the 120-day service period; and (3) little more than an effort to distract the Court and unnecessarily occupy its, as well as the Commission's time.

First, if Levin had any valid basis for challenging the Court's order extending the 120-day service period, he would not need to take discovery. Essentially, Levin would have to show the Commission made little or no effort to serve him. If he has a valid basis for such a motion, he should file it. He should not, however, be allowed to seek discovery in the vague hope he can find some issue to support his claim the Court erred in extending the 120-day service period.

Second, the Commission, in its motion to extend the service period, made a successful showing of good cause. It did so by, among other things, detailing its efforts in attempting to serve Levin including attaching three separate affidavits of non-service as well as an investigator's report, which concluded Levin was evading service. (D.E. # 30.) As detailed below, the Commission has met the good cause standard under Rule 4(m), and the Court was well within its discretion to extend the service period even without such a showing.

Third, Levin's efforts at taking discovery on the Commission's efforts to serve him appear to be an attempt to stall Levin's response to the Complaint. Rather than accept a proper waiver of service or provide the whereabouts of his client, Levin's attorneys seek to engage in a fishing expedition in the hope there was some wrong doing in the Court's extension of the 120-day time limit. The Court should not allow Levin to engage in such tactics.

Accordingly, the Court should deny Levin's Motion, strike the discovery he has propounded on the Commission, and maintain its previous order for Levin to file his motion to dismiss by October 25, 2012.

I. **LEVIN DOES NOT HAVE STANDING OR LEAVE TO ISSUE DISCOVERY**

Without properly accepting service of the Summons and Complaint in this case and without leave of Court, Levin cannot propound discovery. On October 5, 2012, Levin's counsel filed a waiver of the service of the summons in this case. (D.E. # 36.) The waiver, however,

made no affirmative acceptance of service of the complaint. In choosing not to file the court's form waiver of service, Levin's counsel filed a waiver, which did little more than reserve all of his objections and defenses to the lawsuit. (D.E. # 36.) Based on the filing, it's unclear whether or not he is properly before this Court. In fact, Levin does not appear to be before the Court on any basis – whether limited or otherwise. As such, he is not properly situated to issue discovery to challenge the Court's previous ruling extending the 120-day service period.

Additionally, the Federal Rules of Civil Procedure prevent Levin from issuing discovery at this point. Typically, a party may seek discovery prior to the Rule 26(f) conference only when authorized by court order. Fed. R. Civ. P. 26(d)(1). In this case, Levin did not participate in the Rule 26(f) conference, and he has not been authorized by the Court to issue the discovery. (D.E. # 31.) At the October 4, 2012 status conference before this Court, Levin indicated he would be filing a motion challenging this Court's order extending the 120-day service period. He did not, however, obtain leave to serve the discovery, which is subject of his current motion. Interestingly, such discovery under Rule 4(m) is usually issued by the plaintiff as part of an effort to locate a defendant for service purposes. *TM, LLC v. Anderson*, No. 11-cv-00071, 2012 WL 4483180, at *11 (E.D.N.C. 2012). If the Court allows Levin to pursue discovery regarding its service efforts, the Commission reserves the right to issue its own discovery to both Levin and Defendant Frank Preve as to the exact whereabouts of Levin over the last six months. In short, Levin has not properly appeared before the Court, has not obtained leave to serve his discovery, and has provided no grounds justifying discovery on the Rule 4(m) issue.

## II.   LEVIN'S DISCOVERY IS NOT REQUIRED FOR HIM TO FILE HIS MOTION TO DISMISS

By propounding his interrogatories and document requests on the Commission, Levin claims he requires additional facts before filing his motion to dismiss. This conclusion is

counterintuitive.  If Levin has a reason to challenge the Court's ruling extending the service period, then he should file his motion.  By requesting discovery, Levin is essentially admitting he presently has no grounds to challenge the Court's extension of the service period.   The case law Levin cites demonstrates why discovery is simply unnecessary.  Levin cites to *Anderson v. Osh Kosh B'Gosh*, 255 Fed. Appx. 345, 347 (11th Cir. 2006) in support for his argument discovery is needed to show the Commission lacked any good cause for failing to serve Levin.  (Mot. at 6.)  He cites to the same case for the proposition that if the Commission did not establish good cause, then the present case should not proceed at all.  This analysis fails on two fronts.

>First, in *Anderson* there truly was no showing of good cause.  The plaintiff filed a case, allowed the 120-day period to run without serving the Defendant, and then failed to respond to the Court's order to show cause why the case should not be dismissed under Rule 4(m).  *Anderson*, 255 Fed. Appx. at 346.  In response, the magistrate issued a report recommending the court dismiss the action for failure to effect timely service.  The magistrate also provided a date by which the plaintiff could file objections to the report.  The plaintiff ignored the report and filed no objections.  Indeed, the *Anderson* Court noted:

> Anderson…neither requested an extension of time to complete service, nor explained why "good cause" excused her failure.

*Anderson*, 255 Fed. Appx. at 348.  The facts here are strikingly different.  Unlike in *Anderson*, the Commission has made an extensive showing of why it could not serve Levin.  (D.E. # 30.)  And unlike the *Anderson* Court, this Court found good cause for an extension.  (D.E. # 32.)  Discovery – no matter how extensive or long – would not change these facts.  Simply put, there is no support in the case law for allowing Levin's discovery on this issue.

>Second, while there is no issue here regarding good cause – given the Court's order extending the service period – Levin misunderstands the appropriate remedies for a failure to

find good cause. Levin incorrectly concludes that failure to establish good cause should result in dismissal of the case with prejudice. The Rule makes clear the remedy is either dismissal without prejudice or a court order requiring service within a specific time. Fed. R. Civ. P. 4(m). The Rule also makes clear the Court can grant an extension without any finding of good cause. *Id*. Regardless, Levin provides no basis for propounding discovery prior to the filing of his motion to dismiss.

### III.    THE COURT PROPERLY GRANTED THE COMMISSION'S REQUEST TO EXTEND THE 120-DAY PERIOD FOR SERVICE

Ultimately, Levin's discovery requests – as well as his anticipated motion to dismiss – misunderstand the standard for showing good cause under Rule 4(m). The Commission has more than met this standard. On August 10, 2012 and again on September 25, 2012, the Court extended the date for the Commission to serve Levin pursuant to Rule 4(m). The rule provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time. ***But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period***.

(***emphasis added***) Fed. R. Civ. P. 4(m). The rule requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. *See id.*; *Petrucelli v. Bohringer & Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir.1995). First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. *Id.*

Good cause is likely to be found when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person such as a process server, or if the defendant has evaded service of the process, engaged in misleading conduct, or if there are

mitigating circumstances. *In re Cowles*, 343 B.R. 18 (Bkrptcy D. Conn. 2006) (citing Wright & Miller, 4B Federal Practice and Procedure § 1137 (3d ed. 2002). In this case, the Commission has demonstrated good cause. As discussed in its Motion to Extend the Time to Serve Levin, the Commission took numerous steps to locate and serve Levin. (D.E. # 30).

Regardless, even if the Commission failed to show good cause, the Court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time. *Id*. Given the good cause standard and the discretion allowed for the Court to extend the 120-day period even in absence of a good cause standard, there is no basis for challenging the Court's orders extending the period.

One of the many factors which allowed the Court to extend the 120-day time period is Levin's active avoidance of this lawsuit. In this case, it has been difficult to get Levin's counsel to commit to a position on accepting service. For example, as early as November 22, 2011 – far before the filing of this lawsuit – Levin's current attorney, William L. Richey, wrote to the Commission indicating he would accept service of any papers on Levin. (A copy of the letter is attached as Exhibit A.) Upon the filing of this lawsuit, the undersigned contacted Mr. Richey, who indicated he could no longer accept service, was not currently representing Levin, and did not know his whereabouts.

Interestingly, the motion makes the argument that the Commission failed to serve Levin when it knew Levin was set to appear on October 2, 2012 before an Assistant United States Attorney for the Eastern District of Pennsylvania. (D.E. # 38 at 4.) In fact, on October 1, 2012,

Mr. Richey again sent an e-mail to Commission staff saying he would accept service of the Complaint. (A copy of the e-mail is attached as Exhibit B.) Later that week, however, Mr. Richey indicated he would not be accepting service of the Complaint. Instead he claimed he would be accepting service for the limited basis of challenging the Court's order allowing an extension of the 120-day period.

On October 4, 2012, during the status conference in this case, Levin's counsel first brought the service issue to the Court's attention. After receiving a waiver of service form and copies of the Summons and Complaint in open Court, Mr. Richey filed his own version of a waiver of service – rather than the court form – in an attempt to preserve his opposition to the Court's extension. (D.E. # 34.) At best, this demonstrates a defendant who continues to evade service despite the Commission's best efforts. In total, these actions alone justify the Court's extension of the 120-day service period.

## IV.    LEVIN'S DISCOVERY REQUESTS WILL WASTE THE COMMISSION AND THE COURT'S RESOURCES

There is no legitimate purpose for Levin's discovery requests. The requests purportedly seek to find facts supporting the Commission's assertion of good cause. Those facts, however, are extensively listed in the Commission's Motion to Extend Time to Serve Levin. Instead, as described below, the discovery appears to be an effort merely to waste the Commission and this Court's time and effort.

On October 11, 2012, Levin propounded its first set of document requests and interrogatories on the Commission. (D.E. # 38-2, 38-3.) Levin's extensive discovery requests include, but are not limited to:

- all documents relating to service of process on George Levin;

- all documents sent to the various process servers hired by the Commission to locate George Levin;

- all "internal documents" of the process servers;

- all documents Commission staff reviewed or researched in furtherance of service of process of George Levin; and

- all documents relating to any request by the Commission for an extension under 15 U.S.C. § 78d-5(a)(1).[1]

(D.E. # 38-2.)  Levin's interrogatories ask, among other things, the Commission to:

- Describe in detail all actions taken by Professional Process Servers and Investigators, Attorney Service of San Francisco, ICS | Merrill, relating to service of process on or location on George Levin;

- Describe in detail all research, including review of documents, conduct by the Commission relating to service of process on or locating, identifying, investigating, or surveillance on George Levin;

- Describe in detail all research, including review of documents, conducted by Professional Process Servers and Investigators, Attorney Service of San Francisco, ICS | Merrill, or any other person relating to service of process on or locating, identifying, investigating, or surveillance on George Levin; and

- Identify all persons with knowledge or information relating to the 180-day deadline under 15 U.S.C. § 78d-5(a)(1).

This discovery is needlessly extensive.  The only thing the Commission has to demonstrate is good cause for the Court's extension, which it did.  It is not a steep or heavy burden.  Levin's discovery seeks to occupy both the Commission and this Court with needless discovery on an already settled issue.

---

[1] In seeking discovery on his Rule 4(m) Motion, Levin is also apparently seeking discovery on whether or not the Commission received the appropriate extensions to bring its actions under the Dodd Frank Act.  As fully argued in its response to Defendant Frank J. Preve's Motion to Dismiss, the Commission did receive the appropriate extensions and the Dodd Frank provision cited by Levin and Preve does not provide a ground for dismissal.  (D.E. # 23.)  Even if the Court does allow discovery on the Rule 4(m) issue, it should not allow discovery on a separate issue not currently before the Court.

## V.     CONCLUSION

Levin does not have standing to issue discovery regarding the Commission's actions justifying good cause under Rule 4(m), which is an issue already settled before this Court. He has not obtained leave of Court to issue the discovery, and he has made no showing demonstrating the need for discovery on the issue.  Instead, Levin is attempting to go on a fishing expedition in the desperate attempt to show there was no good cause.  The Court should not allow this needless exercise.  Accordingly, the Court should deny Levin's motion, strike the discovery he has propounded on the Commission, and maintain its previous order for Levin to file his motion to dismiss by October 25, 2012.

Dated:  October 17, 2012                                  Respectfully submitted,

s/James M. Carlson
James M. Carlson
Senior Trial Counsel
S.D. Florida Bar No. A5501534
Direct Dial:  (305) 982-6328
E-mail: carlsonja@sec.gov

**Attorney for Plaintiff**
**SECURITIES AND**
**EXCHANGE COMMISSION**
801 Brickell Avenue,
Suite 1800
Miami, Florida  33131
Telephone: (305) 982-6300
Facsimile:  (305) 536-4154
rrasco@podhurst.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 17, 2012, I electronically filed the above document using CM/ECF. I also certify that the foregoing document is being served this day on all counsel for records identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

s/James M. Carlson<br>James M. Carlson

**SERVICE LIST**

Securities and Exchange Commission v. Levin, et al.
Case No. 0:12-cv-21917-RSR
United States District Court, Southern District of Florida

William L. Richey
Catherine Shannon Christie
**WILLIAM L. RICHEY, P.A.**
201 South Biscayne Boulevard
Miami Center, 34th Floor
Miami, Florida 33131
Telephone: (305) 372-8808
wlr@richeylaw.com
csc@richeylaw.com

**Attorneys for**
**Defendant George G. Levin**
Via CM/ECF

Robert C. Josefsberg
Ramon A. Rasco
**PODHURST ORSECK P.A.**
City National Bank Bldg.
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
rjosefsberg@podhurst.com
rrasco@podhurst.com

**Attorneys for Frank Preve**
Via CM/ECF