UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21917-CIV-ROSENBAUM/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

GEORGE G. LEVIN and FRANK PREVE,

    Defendants.
_____/

**ORDER ON DISCOVERY**

This matter is before the Court on Defendant George G. Levin's Motion to Shorten Time for Plaintiff SEC to Respond to Discovery in Support of His Motion to Dismiss the Complaint or, in the Alternative, for an Extension of Time to File his Motion to Dismiss [D.E. 38]. At a status conference held on October 4, 2012, Defendant Levin agreed to file his Motion to Dismiss on or before October 24, 2012. After the hearing, Defendant Levin propounded discovery requests to Plaintiff in support of his Motion to Dismiss. D.E. 38, ¶ 9. Under the Federal Rules of Civil Procedure, however, Plaintiff's responses to this discovery are not due until November 12, 2012, nearly three weeks after his Motion to Dismiss. Accordingly, Defendant Levin seeks to either shorten Plaintiff's time to respond to the discovery or extend the deadline for filing his Motion to Dismiss.

Plaintiff objects to Defendant Levin's motion on several grounds. Plaintiff asserts that Levin has not properly appeared in this case and therefore cannot propound discovery; that Levin has not participated in a Rule 26(f) conference and therefore is unable to propound discovery without leave

of the Court; that no discovery is required for Levin to file his Rule 12 Motion to Dismiss; Levin's discovery requests are "needlessly extensive." D.E. 41.

## DISCUSSION

On October 5, 2012, Levin's counsel filed a "Waiver of the Service of Summons" in which counsel "agree[d] to save the expense of serving a summons and complaint in this case" but also indicated that counsel does not "waive any and all available defenses or objections to the lawsuit, including . . . service of process . . . ." D.E. 36. Plaintiff contends that this waiver of service makes "no affirmative acceptance of service" and therefore Levin is not properly before the Court and cannot propound discovery. D.E. 41 at 3. In Levin's reply brief, he confirms that "service occurred through his acceptance; he just does not agree that such acceptance waived his right to contest the timeliness of that service." D.E. 42 at 3. In light of Levin's waiver and confirmation that service occurred, the Court agrees that Levin is properly before the Court for the purposes of making his instant motion.[1]

Plaintiff also contends that Levin may not seek discovery because he did not participate in the Rule 26(f) conference. D.E. 41 at 3. As Plaintiff views it, discovery concerning service of process is usually conducted by plaintiffs seeking to locate defendants for service, and, generally, defendants should not be allowed to seek discovery regarding service. *Id.*

While Rule 26(d), Fed. R. Civ. P., does prohibit parties from seeking discovery before a Rule 26(f) conference without prior leave of the Court, a Rule 26(f) conference has occurred in this case between Plaintiff and Defendant Frank Preve. D.E. 31. And, significantly, on October 9, 2012, the

---

[1] At this time, however, the Court is not deciding what effect the waiver of service may have on the disposition of any motion under Rule 12(b)(5), Fed. R. Civ. P.

Court issued its Scheduling Order, which applies to *all* parties in this case. Under the Scheduling Order, discovery is authorized—indeed, encouraged—to proceed to keep the case on track. Nor does the fact that early discovery is often sought by plaintiffs, in and of itself, preclude defendants from conducting early discovery. Therefore, the Court concludes that no procedural bar prevents Levin from seeking discovery at this point in the litigation.

Plaintiff also contends that discovery is not required for Levin to file his Motion to Dismiss and that the discovery Levin seeks is needlessly extensive. D.E. 41 at 3-5, 7-8. Plaintiff does not cite any authority, however, supporting the proposition that a court must determine the necessity of discovery *before* a party is allowed to serve its discovery requests. The proper method for challenging the necessity of discovery requires the receiving party to object under Rule 33(b)(4) or Rule 34(b)(2), as appropriate, or to seek a protective order under Rule 26(c). Although Plaintiff clearly objects to the discovery sought, its response brief is not the proper vehicle for pressing those objections.

Accordingly, in the interest of expediently resolving this issue, it is **ORDERED and ADJUDGED** that the parties shall adhere to the following schedule:

1. Plaintiff must serve its objections to Defendant Levin's discovery requests on Defendant within three (3) days of the date of this Order.

2. If Defendant Levin wishes to pursue his discovery requests, Defendant Levin must file a Motion to Compel within five (5) days of receiving Plaintiff's objections. If Defendant Levin does not wish to pursue his discovery requests, he shall have ten (10) days from receipt of Plaintiff's discovery objections to file his Motion to Dismiss.

3. Plaintiff will have five (5) days from the filing of Levin's discovery motion to file a response.

4. Defendant will have three (3) days after Plaintiff's response to Defendant Levin's discovery motion to file a reply.

5. If the Court denies the Motion to Compel, Defendant Levin's Motion to Dismiss shall be due ten (10) days after the Court issues that ruling; if the Court grants Defendant's Motion to Compel, the Motion to Dismiss shall be due ten (10) days after discovery is produced.

Finally, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, all discovery motions in this case—including the Motion to Compel discussed above—are referred to the Honorable Barry S. Seltzer to take all necessary and proper action as required by law. Any motion affecting the specific deadlines set forth in the Court's Scheduling Order [D.E. 37] is excluded from this referral.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 31st day of October 2012.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
The Honorable Barry S. Seltzer
Counsel of record