UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-21917-UNGARO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FRANK J. PREVE, et. al,

    Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT FRANK J. PREVE

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Frank J. Preve. In its Complaint, the Commission sought, among other relief against Preve: (1) a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a), 77e(c), and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; (2) disgorgement and prejudgment interest; and (3) a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

Preve has entered a general appearance and consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from the Judgment. This Court having accepted Preve's Consent, having jurisdiction over Preve and the subject matter of this action:

1

I.

## SECTION 5 OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Preve, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Preve, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Sections 17(a)(1)-(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to:

    (a)    employ any device, scheme, or artifice to defraud;

    (b)    obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

    (A) any investment in or offering of securities,

    (B) the prospects for success of any product or company; or

    (C) the risks or safety of any securities investment.

### III.

### SECTION 10(b) AND RULE 10b-5(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Preve, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading by, directly or indirectly:

(i) creating a false appearance or otherwise deceiving any person, or

(ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

(A) any investment in or offering of securities,

(B) the prospects for success of any product or company, or

(C) the risks or safety of any securities investment.

4

## IV.

## DISGORGEMENT, PREJUDGMENT INTEREST AND A CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Preve shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from May 22, 2012 until September 1, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Preve will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Preve may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

## BANKRUPTCY NONDISCHARGABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the Complaint are true and admitted by Preve, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Preve under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Preve of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

## INCORPORATION OF PREVE'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Frank Preve is incorporated herein with the same force and effect as if fully set forth herein, and that Preve shall comply with all of the undertakings and agreements set forth therein.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and determining the amount of disgorgement, prejudgment interest, and a civil penalty.

## VIII.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** this 6th day of Oct., 2014 at Miami, Florida.

*[signature]*

UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel and parties of record