UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-21917-UU

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

GEORGE G. LEVIN, *et al.*,

    Defendants.
_____/

### ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration, D.E. 224, filed on October 8, 2014. Defendant George Levin filed a Response, D.E. 225, on October 9, 2014.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

Section 5 of the Securities Act of 1933 prohibits the use of any means of interstate commerce or the mails to offer to sell or offer to buy any security without having first filed a registration statement with the SEC as to such security. 15 U.S.C. § 77e(a), (c). Under 15 U.S.C. § 77d(a)(2), transactions not involving any public offering are exempt from the registration requirements of Section 5. Regulation D and Rule 506 implement this statutory exception. 17 C.F.R. § 230.506. Rule 508 provides a safe harbor for "insignificant deviations" from the specific requirements of Regulation D if there was a good faith effort to comply with Rule 506 and other conditions are met. 17 C.F.R. § 230.508. In its Omnibus Order ruling on the parties' motions for summary judgment, the Court found that there were material issues of fact regarding whether Levin could claim an exemption from Section 5's registration requirement under Rule 508(a). *See* 17 U.S.C. § 77e(a), (c); 17 C.F.R. § 230.508(a).

Plaintiff filed this Motion asking the Court to reconsider its ruling because, it argues, Defendant cannot claim exemption from Section 5's registration requirements under Rule 508(b) where the SEC brings a civil enforcement action. In pertinent part, Rule 508(b) provides:

> "Where an exemption is established only through reliance upon paragraph (a) of this section, the failure to comply shall nonetheless be actionable by the Commission under section 20 of the Act."  17 C.F.R. § 230.508(b).

Plaintiff also argues that the case which the Court relied on in denying summary judgment, *S.E.C. v. Ishopnomarkup.com*, No. 04-cv-4057, 2007 WL 2782748 (E.D.N.Y. Sept. 24, 2007), is no longer good law because the court in that case a bench ruling in the last month finding that Rule 508(a) does not apply in civil enforcement actions brought by the SEC.  D.E. 224-2 at 138:22-139:14.  Levin responds that Rule 508(b) should be read to only allow SEC enforcement actions against specific instances where Defendant failed to comply with the requirements of Rule 506, but not prevent Levin from raising Rule 508 as a defense to the SEC's Section 5 claim.

"[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004).  The Court agrees with Plaintiff that reconsideration is justified in this case, and that judgment should be granted for Plaintiff on its Section 5 claim.

Although not raised in the briefing on the parties' summary judgment motions, it is clear that an individual cannot claim exemption under Rule 508 from the registration requirements of Section 5 in an enforcement action brought by the SEC.  *See* Thomas Lee Hazen, *Treatise on the Law of Securities Regulation* § 4.25 n.41 (July 2014) ("Rule 508's safe harbor for certain noncompliance with Regulation D only affects claims by private parties. Rule 508 does not preclude SEC actions in such instances.").  Accordingly, Levin cannot raise this as a defense in this civil enforcement action.  As the Court has already found that there is no dispute that

Plaintiff established a *prima facie* violation of Section 5, and that Levin cannot claim exemption from the Section 5 registration requirements either under Rule 506, 17 C.F.R. § 230.506, or under generic section 4(2), 15 U.S.C. § 77d(a)(2), judgment must be granted for Plaintiff on Count I of their Amended Complaint.  It is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 224, is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of October, 2014.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record