UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-21917-UNGARO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

GEORGE G. LEVIN and
FRANK PREVE,

    Defendants.
_____/

## AMENDED FINAL JUDGMENT AGAINST DEFENDANT GEORGE LEVIN

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant George Levin. In its Amended Complaint, the Commission sought, among other relief against Levin: (1) a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a), 77e(c), and 77q(a)], and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; (2) disgorgement and prejudgment interest; and (3) a civil money penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

The Complaint alleges Levin engaged in an unregistered securities offering through Banyon 1030-32, LLC ("Banyon") and engaged in securities fraud through Banyon and Banyon Income Fund [DE 86]. In October 2014, the Court entered a Summary Judgment Order finding Levin liable for violations of Section 5 of the Securities Act [DE 220]. On April 1, 2015, a jury found Levin violated Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act,

and aided and abetted the Banyon entities' violations of Section 10(b) and Rule 10b-5 of the Exchange Act [DE 294]. On July 31, 2015, the Court entered a Final Judgment against Levin [DE 320].

Levin appealed the Final Judgment, and the Eleventh Circuit Court of Appeals reversed the Summary Judgment Order that Levin violated Section 5 of the Securities Act and remanded that issue to this Court for further proceedings [DE 349]. The Eleventh Circuit affirmed the Final Judgment on all remaining issues Levin raised, including those concerning the trial and jury verdict against him. *Id.*

On June 23, 2017, the Commission filed a notice that it wishes to voluntarily dismiss the Section 5 claim against Levin. As a result, the Final Judgment is hereby amended to remove the injunction prohibiting violations of Section 5 of the Securities Act, and to remove the $13,000 civil penalty imposed for that violation.

### I.

### SECTION 5 OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that pursuant to the Commission's notice of dismissal of the Section 5 claim, the Section 5 claim against Levin is hereby dismissed.

### II.

### SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Levin, his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to:

      (a)    employ any device, scheme, or artifice to defraud;

      (b)    obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)    engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

      (a) any investment in or offering of securities or

      (b) the prospects for success of any product or company.

## III.

### SECTION 10(B) AND RULE 10b-5(b) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Levin, his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from engaging, directly or indirectly, in any violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading by, directly or indirectly by: (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

    (a) any investment in or offering of securities or

    (b) the prospects for success of any product or company.

## IV.

## AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTION 10(b) AND RULE 10b-5(b)

**IT IS FURTHER ORDERED AND ADJUDGED** that Levin, his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Section 10(b), [15 U.S.C. § 78j(b)], and Rule 10b-5(b), [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to knowingly provide substantial assistance to another in making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by directly or indirectly: creating a false appearance or otherwise deceiving any person, or disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or

prospective investor either relating to a decision by an investor or prospective investor to buy or sell securities of any company or about:

    (a) any investment in or offering of securities or

    (b) the prospects for success of any product or company.

## V.

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that as set forth in this Court's July 31, 2015 Order [DE 320], Levin is liable for $40.1 million in disgorgement and $7,829,570.97 in prejudgment interest thereon, as well as a $650,000 civil penalty for his violations of the anti-fraud provisions of the Securities Act and Exchange Act.

Thus, Levin has been and remains liable for 40.1 million in disgorgement, $7,829,570.97 in prejudgment interest thereon, and $663,000 in civil penalties for a total of $48,579,570.97, which, pursuant to this Court's July 31, 2015 Order [DE 320], Levin was and remains required to pay within fourteen (14) days of that Order.

As set forth in the July 31, 2015 Order, Levin may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Levin may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Levin's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Levin shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Amie Riggle Berlin, Esq., 801 Brickell Avenue, Suite 1800, Miami, FL  33131.  By making this payment, Levin relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Levin.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time since more than 14 days have passed since the Final Judgment was entered against Levin.  Levin shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission may propose a plan to distribute the funds subject to the Court's approval.  Such a plan may provide that the funds shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the funds will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Notwithstanding any provision contained herein, no effort will be taken to collect the judgment except in accordance with the Bankruptcy Code and Rules for so long as an automatic stay is in effect in Levin's pending bankruptcy case, Case No. 10-33696 (Bankr. S.D. Fla.).

VI.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

**CERTIFICATION UNDER RULE 54(b)**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith, and without further notice.

**DONE AND ORDERED** this 26 day of June, 2017 at Miami, Florida.

THE HON. URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record